**XIAO CHIN LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5033–ag.

United States Court of Appeals, Second Circuit.

May 23, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

George E.B. Holding, Acting United States Attorney for the Eastern District of North Carolina; Anne M. Hayes, Jennifer P. May–Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiao Chin Lin, a citizen of the People's Republic of China, seeks review of an October 6, 2006 order of the BIA affirming the February 14, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Chin Lin*, No. A79 641 616 (B.I.A. Oct. 6, 2006), *aff'g* No. A79 641 616 (Immig. Ct. N.Y. City Feb. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts and affirms, then supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We conclude that the IJ's adverse credibility finding is supported by substantial evidence. At the hearing before the IJ, Lin admitted that he intentionally lied at his airport and credible fear interviews, and that his prior claim based on membership in the Falun Gong movement was false. There is no indication from the

record that the interviews were coercive or threatening, or that Lin did not understand the interviewers' questions. Under these circumstances, the IJ was permitted to draw a negative inference from Lin's previous instances of false testimony in assessing the validity of his new claims. *See Siewe v. Gonzales,* 480 F.3d 160, 170–71 (2d Cir.2007); *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396–97 (2d Cir.2005) (per curiam). Although Lin did explain that he only lied to the interviewers because his smugglers had instructed him to do so, the IJ and BIA did not err in rejecting this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted, emphasis in original)).

In addition to Lin's initial fraudulent statements, the IJ also properly considered the documentary evidence, specifically the letter sent by Lin's wife. The IJ found that because the letter was nearly identical to Lin's statement in his asylum application, and because Lin was unable to offer a cogent explanation for this striking similarity, it raised serious questions as to the validity of his claims. *See Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (per curiam). Given the cumulative impact of these findings, the IJ's adverse credibility finding was supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Siewe,* 480 F.3d at 170.

Because the only evidence of a future threat of persecution or torture depended upon Lin's credibility, the IJ's adverse credibility finding necessarily precludes success on Lin's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).